## VOGEL *v.* RETAUD et al.

An appeal will be dismissed where the matter really in dispute is under three hundred dollars, though damages are claimed to a larger amount, where the claim for damages is evidently fictitious. Such a claim can give no jurisdiction to the court.

APPEAL from the Second District Court of New Orleans, *Kennedy*, J. *Biron*, for the appellant. *J. M. Wolfe, Collens* and *Pecquet*, for the defendants. The judgment of the court was pronounced by

KING, J. The plaintiff alleges that under an execution directed against the property of her husband, the defendant, *Rétaud*, caused her separate effects to be seized. She avers the value of the property levied upon to be $100, and prays that it be restored to her, and that the defendants be condemned to pay her $250 as damages for the wrongful seizure.

The plaintiff's allegations in relation to damages are as follows: "The said *Rétaud* and *Mouney*, have caused, by the illegal, arbitrary and vexatious seizure of the property of your petitioner, a real, vindictive, and exemplary damage of two hundred and fifty dollars, having, without authority or right, seized and taken

Vogel
v.
Retaud.

away the above described property from the possession of your petitioner, and deprived her at the same time of the use of her property to her damage and prejudice."

No circumstances of aggravation are stated, and thus the only basis laid for vindictive damages is the illegal taking. This claim for heavy damages in proportion to the value of the effects seized, unsupported by proof, is evidently a fictitious demand, which can give no jurisdiction to this court. The only amount which can be considered as involved in the suit is $100, the alleged value of the effects seized. This case cannot be distinguished from that of *Orillion* v. *Slack*, 17 La. p. 103. See also 16 La. 183. 3 Rob. 143. 1 An. 311.

*Appeal dismissed.*